AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Feb 23, 2024**

SEAN F. McAVOY, CLERK

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 4:24-MJ-07016-ACE |
| ) | |
| BRANDON EFRAIN PONCE-LOMELI ) | |
| ) | |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 22, 2024__ in the county of __Benton__ in the __Eastern__ District of __Washington__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) | Distribution of 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

*Jerel Deitering*
*Complainant's signature*

Jerel R. Deitering, Special Agent DEA
*Printed name and title*

☑ Sworn to telephonically and signed electronically
☐ Sworn to before me and signed in my presence.

Date: 02/23/2024

*Alexander C. Ekstrom*
*Judge's signature*

City and state: Yakima, Washington

ALEXANDER C. EKSTROM, U.S. Magistrate Judge
*Printed name and title*

AUSA: BLP         COUNTY: BENTON

*AUSA: BLP*

*County: Franklin*

*In Re: Affidavit in Support of Criminal Complaint for Brandon Efrain PONCE-Lomeli*

| | |
|---|---|
| STATE OF WASHINGTON | ) |
|  | ) ss |
| Benton County | ) |

## AFFIDAVIT

I, Jerel R. Deitering, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent of the Drug Enforcement Administration ("DEA"), and am currently assigned to the Tri-Cities Resident Office in the Seattle Field Division. I am a criminal investigator of the United States within the definition of 18 U.S.C. § 2510(7) and am empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 21 and Title 18 United States Code.

2. I have been employed with the DEA since August 2015 and have been responsible for investigating violations of federal law including violations of the Controlled Substances Act. In my current capacity as a DEA Special Agent, I have been assigned duties which include, but are not limited to, debriefing of defendants, witnesses, and informants, investigating crimes enumerated in the

Affidavit of Special Agent Deitering - 4:24-MJ-07016-ACE- 1

Controlled Substance Act, executing search/arrest warrants, collecting drug and non-drug evidence, supervision of cooperating individuals, monitoring drug related conversations, telephone toll analysis, testifying before Grand Juries and in state and federal court.

3. Additionally, I have participated in criminal investigations involving drug trafficking. This participation includes acting as the case agent, working in an undercover capacity, and assisting other law enforcement officers. Through this participation, and my training and past experience, I have gained an understanding of the manner in which controlled substances are manufactured, transported, smuggled and distributed, and have come to understand the various roles members of a drug trafficking organization serve in furtherance of the organization's drug trafficking and money laundering activities. I have encountered, and become familiar with, various tools, methods, trends, paraphernalia, and related articles utilized by various traffickers in their efforts to import, conceal, distribute, and manufacture controlled substances.

4. The statements contained in this Affidavit in Support of Application are based in part on my training, experience, participation in and knowledge of this investigation, as well as knowledge he learned from various other federal, state and local law enforcement agencies, special agents, task force officers, state and local law enforcement officers. Since this Affidavit is being submitted solely for the

Affidavit of Special Agent Dietering - 4:24-MJ-07016-ACE- 2

purpose of establishing probable cause to support a requested arrest warrant and criminal complaint, I have not included each and every fact known to me concerning this investigation. Rather, I have only set forth facts necessary to support the authorization of the requested arrest warrant and complaint.

## INVESTIGATION

5.  As part of an ongoing investigation into drug trafficking in the Tri-Cities area, a Confidential Source ("CS")[1] was utilized to arrange the delivery of 25 pounds of methamphetamine and 10,000 fentanyl pills, which was to be delivered by a courier for the organization in Franklin County, in the Eastern District of Washington. The CS was to make a partial payment for the controlled substances to the courier. The CS did not know the identity of the courier; however, was provided the courier's phone number to complete the logistical arrangements of the transaction.

6.  On February 22, 2024, the CS and the courier exchanged several phone calls regarding such details. Late in the evening, the courier advised the CS the courier had arrived in Pasco, Washington. The CS and the CS' vehicle were searched prior to leaving for the meeting location, with no contraband located. The

---

[1] The CS is cooperating for consideration of pending drug-trafficking related charges as well as immigration-related benefits. The CS has several known felony convictions. The CS has been working with law enforcement in several capacities since approximately 2020, and the CS' information has proven to be credible and reliable, and has resulted in several significant seizures of controlled substances.

Affidavit of Special Agent Dietering - 4:24-MJ-07016-ACE- 3

CS was also outfitted with audio / video recording equipment. The CS met-up with the courier, and they travelled in their respective vehicles, in tandem, to the previously discussed meeting location. While at the meet location, surveillance units observed a brief exchange between the courier and the CS. From the rear passenger seat of the courier's vehicle, the courier removed a brown duffle bag and handed it to the CS. The CS placed the duffle bag on the ground and opened the zipper in which the CS observed several identical clear zip-lock style bags containing white crystal-like substance. The courier advised the CS that there were "25" in the duffel bag. The CS paid the courier the partial payment for the controlled substances. The courier then quickly entered his vehicle and began to drive away. Shortly thereafter, several marked Pasco Police Department units activated their emergency lights and conducted a traffic stop of the courier's vehicle. The courier was identified by the Washington driver's license in his wallet as Brandon Efrain PONCE-Lomeli ("PONCE").

12. Agents collected the duffel bag that PONCE had provided to the CS and observed what appeared to be methamphetamine. The substance was field-tested and resulted as being presumptive positive for methamphetamine. Agents confirmed the total count to be 25 packages which appeared to be packaged in 1-pound quantities, for a total gross weight of 12.19 kilograms. There were no fentanyl pills located in the duffle bag.

Affidavit of Special Agent Dietering - 4:24-MJ-07016-ACE- 4

## CONCLUSION

16. Based upon the above facts, I believe probable cause exists to charge Brandon Efrain PONCE-Lomeli with Distribution of 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*Jerel Deitering*
Jerel R. Deitering, Special Agent
Drug Enforcement Administration

Sworn to telephonically and signed electronically this 23rd day of February, 2024.

*Alexander C. Ekstrom*
Alexander C. Ekstrom
United States Magistrate Judge

Affidavit of Special Agent Dietering - 4:24-MJ-07016-ACE- 5