Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Brandon L. Pang
Assistant United States Attorney
825 Jadwin Ave, Suite G-60
Richland, WA 99352
Telephone: (509) 946-4882

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON EFRAIN PONCE-LOMELI<br><br>Defendant. | Case No.: 4:24-MJ-07016-ACE<br><br>Motion for Detention |

The United States moves for pretrial detention of Defendant, pursuant to 18 U.S.C. § 3142(e) and (f).

1. <u>Eligibility of Case</u>

This case is eligible for a detention order because the case involves (check one or more):

☐  Crime of violence (as defined in 18 U.S.C. § 3156(a)(4) which includes any felony under Chapter 77, 109A, 110 and 117);

☐  A violation of 18 U.S.C. § 1591;

Motion for Detention - 1

☐ An offense listed in 18 U.S.C. § 2332b(g)(5)(B) with maximum penalty of 10 years or more;

☐ Maximum penalty of life imprisonment or death;

☒ Drug offense with maximum penalty of 10 years or more;

☐ Felony, with two prior convictions in above categories;

☐ Felony that involves a minor victim or that involves the possession or use of a firearm or destructive device as those terms are defined in 18 U.S.C. § 921, or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250;

☐ Serious risk Defendant will flee (as specified below); or

☐ Serious risk obstruction of justice (as specified below).

2. <u>Reason for Detention</u>

The Court should detain Defendant because there is no condition or combination of conditions which will reasonably assure (check one or both):

☒ Defendant's appearance as required; or

☒ Safety of any other person and the community.

Motion for Detention - 2

3.      <u>Rebuttable Presumption</u>.

The United States

☒     will

☐     will not

invoke the rebuttable presumption against Defendant under 18 U.S.C. § 3142(e).

If the United States is invoking the presumption, it applies because there is probable cause to believe Defendant committed:

☒     Drug offense with maximum penalty of 10 years or more;

☐     An offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐     An offense under 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐     An offense under chapter 77 of Title 18, United States Code, for which a maximum term of imprisonment of 20 years or more is prescribed;

☐     An offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425;

☐     Other circumstances as defined in 18 U.S.C. § 3142(e)(2).

Motion for Detention - 3

4. <u>Time for Detention Hearing</u>

The United States requests that the Court conduct the detention hearing:

☒ At the first appearance, or

☐ After a continuance of three days.

5. <u>No Contact Order</u>

The United States further requests, in addition to pretrial confinement, that Defendant be subject to the following condition:

Defendant shall have no contact whatsoever, direct or indirect, with any persons Defendant knows or reasonably should know are or may become a victim or potential witness in the subject investigation or prosecution. Prohibited forms of contact include, but are not limited to, telephone, mail, email, text, video, social media, and/or any contact through any third person or parties.

Dated: February 26, 2024

                                             Vanessa R. Waldref
                                             United States Attorney
                                             s/Brandon L. Pang

                                             Brandon L. Pang
                                             Assistant United States Attorney